**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4259**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL L. FISCHER,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:14-cr-00595-ELH-1)

Submitted: September 26, 2017                    Decided: September 28, 2017

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Erek L. Barron, WHITEFORD, TAYLOR & PRESTON, LLP, Bethesda, Maryland, for Appellant.   Zachary Augustus Myers, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael L. Fischer pled guilty, pursuant to a written plea agreement, to travel with intent to engage in illicit sexual conduct, 18 U.S.C. § 2423(b) (2012), and was sentenced to 120 months' imprisonment. On appeal, counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Fischer's guilty plea was valid and whether Fischer's sentence is reasonable. Fischer filed a supplemental pro se brief in which he claims that the meeting rooms which were provided by the prison to consult with his attorney were not soundproof. The United States seeks to dismiss the appeal based on the appellate waiver provision in the plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

When determining whether a defendant entered a plea knowingly and voluntarily, we "look to the totality of the circumstances surrounding it, granting the defendant's solemn declaration of guilt a presumption of truthfulness." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010) (alterations and internal quotation marks omitted). We have reviewed the transcript of the Fed. R. Crim. P. 11 hearing and find that the district court fully complied with the requirements set forth in Rule 11. The district court reviewed the plea agreement with Fischer, who stated, under oath, that he understood the agreement and agreed to its provisions. The district court also reviewed the rights Fischer gave up by pleading guilty and the consequences of his guilty plea. We conclude, based on the totality of the circumstances, that Fischer's plea was knowing and voluntary.

Having determined that Fischer entered into his plea knowingly and voluntarily, *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994), we review de novo the validity of Fischer's appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528, 530 (4th Cir. 2013). A defendant's waiver is valid if he agreed to it "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). An appeal waiver generally is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Appeal waivers, however, do not preclude an appeal as to any issue that cannot be waived by law, such as a claim that the sentence exceeds the statutory maximum, that race or other constitutionally impermissible factors influenced the sentence, or that the defendant was denied the right to counsel. *See Copeland*, 707 F.3d at 530. Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Fischer knowingly and voluntarily waived his right to appeal, and that the issues he seeks to raise fall within the scope of the waiver. We therefore grant the Government's motion to dismiss in part.

In accordance with *Anders*, we have reviewed the record for any potentially meritorious issues that might fall outside the scope of the waiver and have found none. Accordingly, we affirm in part. This court requires that counsel inform Fischer, in writing, of the right to petition the Supreme Court of the United States for further review. If Fischer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fischer.

3

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART